NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 0769

VINCENT ALEXANDER

VERSUS

LOUISIANA DEPARTMENT OF INSURANCE

*Judgment Rendered:*    **FEB 2 4 2023**

********

Appealed from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C706938

The Honorable Timothy E. Kelley, Judge Presiding

********

| | |
|---|---|
| Robert E. Torian<br>James L. Pate<br>Lafayette, Louisiana | Counsel for Plaintiff/Appellant<br>Vincent Alexander |
| Dominique Jones<br>Sonceree Smith Clark<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Louisiana Department of Insurance |

********

BEFORE: WELCH, PENZATO AND LANIER, JJ.

**LANIER, J.**

The appellant, Vincent Alexander, appeals the judgment of the Nineteenth Judicial District Court, which affirmed the March 23, 2021 decision of the Louisiana Division of Administrative Law. For the following reasons, we affirm the judgment of the district court.

## FACTS AND PROCEDURAL HISTORY

Mr. Alexander was an insurance agent licensed by the State of Louisiana, doing business as Vincent Alexander Insurance Agency (the agency). He was married to Tacey Ann Tolliver, who was also an insurance agent licensed at one time by the State of Louisiana and worked with him at the agency. Ms. Tolliver's insurance license expired on August 31, 2018. On August 28, 2019, she attempted to reinstate her license, but the check she wrote to pay the reinstatement fee was returned for non-sufficient funds. Ms. Tolliver's insurance license was suspended on December 10, 2019.

In June of 2019, the Louisiana Department of Insurance (LDI) received a complaint from Kendall Lewis, one of the agency's customers, that was filed against Progressive Insurance Company (Progressive). In the complaint, Mr. Lewis stated he had paid premiums to the agency on a policy that went into effect December 7, 2018, but the policy was cancelled on January 22, 2019. Mr. Lewis provided premium receipts as proof of payment, dated from January 2019 to May 2019, of which were signed "T. Alexander." Progressive informed Mr. Lewis that the policy was cancelled due to non-payment, but he was not made aware of the cancellation until he was involved in a motor vehicle accident.

On June 1, 2019, LDI directed Mr. Alexander to respond to Mr. Lewis's complaint and to explain why Mr. Lewis's policy was cancelled despite his payment of premiums, but Mr. Alexander failed to respond. On July 8, 2019, LDI again directed Mr. Alexander to respond via certified mail, but Mr. Alexander

2

failed to respond. On July 19, 2020, LDI sent notice to Mr. Alexander that he was fined $250 for his failure to respond, and he was directed to remit both the fine payment and his response to LDI immediately. Mr. Alexander responded on July 21, 2019, but LDI alleged the response was inadequate and requested additional information and documentation regarding the complaint. LDI alleged that Mr. Alexander did not comply with the order.

On August 16, 2019, representatives from Progressive met Ms. Tolliver at the agency, but Mr. Alexander was not present. Ms. Tolliver explained to the representatives that she began working there in 1997, and that she and Mr. Alexander were the only two employees of the agency. When the Progressive representatives asked Ms. Tolliver about her expired insurance license, she stated she was not aware that it had expired.

On August 23, 2019, a representative from Progressive spoke to Mr. Alexander via telephone. Mr. Alexander explained that he was generally in the office four to five hours a day and that he was undergoing physical therapy for a recent surgery. He confirmed that he and Ms. Tolliver were Alexander's only employees. He stated that he was not aware of the previous visit by the Progressive employees to his office or of the issues with Mr. Lewis's premium payments. Mr. Alexander also stated that he was not aware that Ms. Tolliver's insurance license had expired. He also admitted that the activities of the agency were ultimately his responsibility since he was the business owner. On September 17, 2019, Progressive terminated its producer's agreement with the agency, and the agency refunded to Mr. Lewis his premium payments and paid his reinstatement fees to the Office of Motor Vehicles (OMV) for not having vehicle insurance.

On September 27, 2019, LDI informed Mr. Alexander that the $250 fine remained unpaid. On February 19, 2020, LDI mailed a Notice of Proposed Regulatory Action and Wrongful Conduct via certified mail to Mr. Alexander

3

regarding Mr. Lewis's complaint and the failure to pay the fine. On the same date, LDI mailed its intent to suspend and revoke Mr. Alexander's license.

In a letter dated February 28, 2020 written to LDI, Mr. Alexander claimed that he did not receive LDI's requests for responses to Mr. Lewis's complaint or LDI's notice of the fine but enclosed payment of the fine along with his request. Mr. Alexander also stated in his request that he questioned Ms. Tolliver about the complaint and the fine and that she explained that she had made a mistake and attempted to cover it up.

On May 8, 2020, LDI received a complaint from Tawna Casey, another of the agency's customers, in which she alleged she had made a premium payment on February 7, 2020 on her homeowner's policy to Ms. Tolliver. Despite her repeated requests between February and April of that year for a copy of her policy, Ms. Casey never received one. Ms. Casey then contacted the underwriting company and discovered that her policy has been cancelled on March 31, 2019 for non-payment. Notice of cancellation was mailed to both Mr. Alexander and Ms. Tolliver on March 1, 2019. Mr. Alexander called the underwriter on May 27, 2020 concerning Ms. Casey's policy, and during their conversation, Mr. Alexander admitted that he had not been working in the office for quite some time and that Ms. Tolliver was running the office. LDI mailed notice of Ms. Casey's complaint to Mr. Alexander on July 9, 2020. Although Mr. Alexander responded to the complaint, LDI found the response to be inadequate.

On June 11, 2020, LDI received a consumer complaint from contracting company Tara O Design, alleging that Ms. Tolliver had provided fraudulent certificates of insurance (COI) on behalf of sub-contractor Tony's Electric, who was one of the agency's customers. The COI indicated that Tony's Electric had general liability and workers' compensation insurance coverage. As a result of the fraudulent COI, Tara O Design alleged it was assessed $1,373 in adjusted workers'

4

compensation premiums because of the lack of coverage for Tony's Electric. In a sworn statement dated September 10, 2020, given to LDI, Mr. Alexander claimed that he had no knowledge of the COI, that he never personally dealt with Tony's Electric, and that Tony's Electric had only done business with Ms. Tolliver.

On August 31, 2020, LDI received a consumer complaint from Rachel Dugas, one of the agency's customers. Ms. Dugas alleged that she had submitted premium payments to Ms. Tolliver for a Progressive vehicle insurance policy, but that the policy had been cancelled for non-payment. Ms. Dugas claimed that she was assessed $1,060 in fines by the Office of Motor Vehicles for not having vehicle insurance. Ms. Dugas alleged that she brought to Ms. Tolliver every notice she received from Progressive stating that she did not have insurance, but Ms. Tolliver would tell her that the notices were incorrect. Ms. Dugas claimed that she and her husband did not have insurance on their vehicles from September 2019 through May 2020. Mr. Dugas went to Mr. Alexander's home to inform him that he and Ms. Dugas did not have coverage. Mr. Alexander allegedly purchased another policy for Mr. Dugas and paid the premium, but Mr. Dugas claimed that policy was cancelled the following week.

On September 16, 2020, LDI notified Mr. Alexander of violations pursuant to La. R.S. 22:1554(A)(4), which provides for the suspension or revocation of an insurance license for "[u]sing fraudulent, coercive, or dishonest practices or misrepresentation, or demonstrating incompetence, untrustworthiness, or financial irresponsibility in the conduct of business such as might endanger the public." LDI's proposed actions were to immediately suspend Mr. Alexander's license, to revoke his license 30 days from the date of the notice, and to order Mr. Alexander to cease and desist in conducting insurance business in the State of Louisiana.

The Louisiana Division of Administrative Law (LDA) reviewed LDI's decision, and, on March 23, 2021, signed an order affirming the revocation of Mr.

5

Alexander's insurance license. LDA stated in its reasons that Mr. Alexander did not prove that LDI acted arbitrarily or capriciously, or abused its discretion in revoking his license. Rather, LDA found that LDI proved that Mr. Alexander committed a violation of La. R.S. 22:1554(A)(4) by demonstrating "untrustworthiness and financial irresponsibility in the conduct of business such as might endanger the public." Specifically, LDA found that Mr. Alexander was particularly irresponsible in allowing Ms. Tolliver to run the business after he had been made aware of Mr. Lewis's complaint, which then led to other consumer complaints being filed against the agency.

On April 20, 2021, Mr. Alexander filed a petition for judicial review of LDA's adjudication. In the petition, Mr. Alexander alleged that all the violations committed by his business were committed solely by Ms. Tolliver, that he took no part in her actions, and that he immediately took actions to resolve the problems Ms. Tolliver created. Mr. Alexander further alleged that on January 22, 2021, he filed for divorce from Ms. Tolliver. He also forbade her from returning to the office and changed the locks, apparently so that Ms. Tolliver would be separated from the business and could do no further harm.

After a hearing, and after considering briefs submitted by Mr. Alexander and LDI, the district court signed a judgment on November 16, 2021, affirming LDA's decision. Mr. Alexander has appealed this judgment.

## ASSIGNMENTS OF ERROR

Mr. Alexander has submitted two assignments of error:

1. The district court erred in affirming the decision of LDA, which upheld the revocation of Mr. Alexander's insurance agent's license, when the alleged underlying acts leading to the revocation were all committed by Ms. Tolliver, without Mr. Alexander's knowledge or approval.

2. The district court erred in not ruling a punishment less than a revocation of Mr. Alexander's insurance license, such as suspension, probation, or fine, was warranted under the facts established at the administrative hearing.

6

## STANDARD OF REVIEW

The Louisiana Administrative Procedure Act provides for judicial review over administrative adjudications. At the pertinent time herein, La. R.S. 49:964(G)[1] provided:

> The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error of law;
>
> (5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>
> (6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.

*Carpenter v. State, Dept. of Health and Hospitals*, 2005-1904 (La. App. 1 Cir. 9/20/06), 944 So.2d 604, 607-608, <u>writ denied</u>, 2006-2804 (La. 1/26/07), 948 So.2d 174.

When reviewing an administrative final decision, the district court functions as an appellate court. *Mid-City Automotive, LLC v. Louisiana Department of Public Safety*, 2019-1219 (La. App. 1 Cir. 5/11/20), 304 So.3d 457, 461. Once a final judgment is rendered by the district court, an aggrieved party may seek

---

[1] Louisiana Revised Statutes 49:964 was re-designated La. R.S. 49:978.1, without any substantive change, pursuant to 2022 La. Acts, No. 663 § 1, eff. Aug. 1, 2022.

7

review by appeal to the appropriate appellate court. La. R.S. 49:979. On review of the district court's judgment, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. *Mid-City Automotive, LLC*, 304 So.3d at 461. Thus, an appellate court sitting in review of an administrative agency reviews findings and decisions of the administrative agency and not the decision of the district court. *Id.* Consequently, this Court will conduct its own independent review of the record in accordance with the standards provided in La. R.S. 49:964(G).

## DISCUSSION

In his first assignment of error, Mr. Alexander argues that the decision to revoke his insurance license should be reversed because all the violating actions were committed by Ms. Tolliver without his knowledge or approval. After a complete review of the appellate record, we disagree with Mr. Alexander's argument. Extensive evidence was submitted to LDA not only by LDI, but also by Mr. Alexander himself which has shown he was in violation of La. R.S. 22:1554(A)(4).

The record indicated that Mr. Alexander was made aware that Ms. Tolliver was conducting business without an insurance license on August 23, 2019, when Progressive informed him of such. Progressive alleged that Mr. Alexander admitted in their discussion that he, and not Ms. Tolliver, was responsible for the insurance agency. In his live testimony before LDA, Mr. Alexander stated he was first informed about Ms. Tolliver's expired license by LDI. LDI's February 19, 2020 letter to Mr. Alexander indicated that he was contacted by LDI about Mr. Lewis's complaint on June 1, 2019. Despite these notices, Mr. Alexander continued to conduct insurance business with Ms. Tolliver as his employee, without his supervision.

8

Consequently, LDI received consumer complaints from Ms. Casey on May 8, 2020, from Tara O Design on June 11, 2020, and from Ms. Dugas on August 31, 2020. These complaints were filed while Ms. Tolliver was employed by Mr. Alexander and while she conducted insurance business without an insurance license. According to the petition for divorce filed by Mr. Alexander, he and Ms. Tolliver separated on July 15, 2020. While Ms. Dugas's complaint was filed after the date of separation, she alleges in her complaint that she gave premium payments to Ms. Tolliver. LDI submitted evidence of a money order signed by Ms. Dugas payable to Progressive dated June 9, 2020.

From our review of the record, we find that LDA was not arbitrary, capricious, or abusive in its discretion in finding that Mr. Alexander was in violation of La. R.S. 22:1554(A)(4). Specifically, we find that Mr. Alexander's actions have demonstrated "incompetence, untrustworthiness, or financial irresponsibility in the conduct of business such as might endanger the public." Thus, Mr. Alexander's first assignment of error is without merit.

In his second assignment of error, Mr. Alexander argues that should LDI's finding that he violated La. R.S. 22:1554(A)(4) be affirmed, the penalty of revoking his license was not supported by the facts of the case, and a lesser penalty would be more suitable under those facts. Again, we disagree with Mr. Alexander's argument. Pursuant to the facts, revocation of licensure is commensurate with Mr. Alexander's actions.

If the evidence, as reasonably interpreted, supports the determination of the administrative agency, its orders will be accorded great weight and will not be reversed or modified in the absence of a clear showing that the administrative action is arbitrary and capricious. The test for determining whether the action is arbitrary and capricious is "whether the action taken is reasonable under the circumstances." Stated differently, the question is whether the action taken was

9

"without reason." *Matter of Supplemental Fuels, Inc.*, 94-1596 (La. App. 1 Cir. 5/9/95), 656 So.2d 29, 39.

Mr. Alexander pointed to the district court characterizing the revocation of his license as "harsh." The district court went on to state that:

> under these factual circumstances I find that [LDI] could have found [Mr. Alexander's actions] so unsettling that they would determine that a fine in an[d] of itself was insufficient to meet the hazard to the public in this particular case. Irrespective to whether I would have found differently I do not find that their decision was arbitrary and capricious or overextending their authority in any way[.]

We agree with the district court. Louisiana Revised Statutes 22:1554(A) authorizes LDI to take a number of actions, including revocation of license, upon anyone who holds an insurance license issued by LDI, who commits any of a number of enumerated actions, which include "demonstrating incompetence, untrustworthiness, or financial irresponsibility in conduct of such business as might endanger the public." LDI characterized Mr. Alexander's actions as such, and we must give great weight to LDI's findings. See *Matter of Supplemental Fuels, Inc.*, 656 So.2d at 39. Since the facts support the finding that Mr. Alexander violated La. R.S. 22:1554(A)(4), a penalty authorized by La. R.S. 22:1554 is, therefore, not without reason and is not arbitrary or capricious. Mr. Alexander's second assignment of error is without merit.

## DECREE

The judgment of the Nineteenth Judicial District Court, which affirmed the March 23, 2021 decision of the Louisiana Division of Administrative Law, thereby revoking the insurance license of the appellant, Vincent Alexander, is affirmed. All costs of this appeal are assessed to the appellant, Vincent Alexander.

**AFFIRMED.**